1  JAMES E. LYONS (STATE BAR NO. 112582)
   James.Lyons@skadden.com
2  GARRETT J. WALTZER (STATE BAR NO. 130764)
   Garrett.Waltzer@skadden.com
3  THOMAS V. CHRISTOPHER (STATE BAR NO. 185928)
   Thomas.Christopher@skadden.com
4  RICHARD S. HORVATH, JR. (STATE BAR NO. 254681)
   Richard.Horvath@skadden.com
5  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   525 University Avenue, Suite 1100
6  Palo Alto, California 94301
   Telephone: (650) 470-4500
7  Facsimile: (650) 470-4570

8  Attorneys for Defendants
   MARC L. ANDREESSEN, LAWRENCE T. BABBIO,
9  SARI M. BALDAUF, RAJIV L. GUPTA,
   JOHN H. HAMMERGREN, JOEL Z. HYATT,
10 JOHN R. JOYCE, ROBERT L. RYAN, LUCILLE S.
   SALHANY and G. KENNEDY THOMPSON

11
                    UNITED STATES DISTRICT COURT
12                  NORTHERN DISTRICT OF CALIFORNIA
                           SAN JOSE DIVISION
13

| | |
|---|---|
| SAGINAW POLICE & FIRE PENSION FUND, Derivatively on Behalf of HEWLETT-PACKARD COMPANY, | CASE NO. 5:10-CV-04720-EJD |
| Plaintiff, | (1) REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DIRECTOR DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT; |
| vs. | |
| MARC L. ANDREESSEN, LAWRENCE T. BABBIO, SARI M. BALDAUF, RAJIV L. GUPTA, JOHN H. HAMMERGREN, MARK V. HURD, JOEL Z. HYATT, JOHN R. JOYCE, ROBERT L. RYAN, LUCILLE S. SALHANY, and G. KENNEDY THOMPSON, | (2) DECLARATION OF RICHARD S. HORVATH, JR. IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE; |
| Defendants, | and |
| -and- | (3) [PROPOSED] ORDER |
| HEWLETT-PACKARD COMPANY, | Date: February 3, 2012<br>Time: 9:00 a.m.<br>Courtroom: Courtroom 1, 5th Floor<br>Before: Hon. Edward J. Davila |
| Nominal Defendant. | |

---

DIRECTOR DEFENDANTS' RJN ISO MOTION TO DISMISS     CASE NO. 5:10-CV-04720-EJD

**REQUEST FOR JUDICIAL NOTICE**

PLEASE TAKE NOTICE that pursuant to Federal Rule of Evidence 201, defendants Marc L. Andreessen, Lawrence T. Babbio, Sari M. Baldauf, Rajiv L. Gupta, John H. Hammergren, Joel Z. Hyatt, John R. Joyce, Robert L. Ryan, Lucille S. Salhany and G. Kennedy Thompson (the "Director Defendants") hereby respectfully request that the Court take judicial notice of:

1. Excerpts from Hewlett-Packard Company's ("HP") Definitive Proxy Statement on Schedule 14A filed with the United States Securities and Exchange Commissions ("SEC") on or about February 1, 2011. (Declaration of Richard S. Horvath, Jr. ("Horvath Decl.") Ex. A.)

2. HP's Certificate of Incorporation, filed with the Delaware Secretary of State on or about February 11, 1998. (Horvath Decl. Ex. B.)

3. Excerpts from HP's Form 10-K for the fiscal year ended October 31, 2005, filed with the SEC on or about December 21, 2005. (Horvath Decl. Ex. C.)

4. Excerpts from HP's Form 10-K for the fiscal year ended October 31, 2010, filed with the SEC on or about December 15, 2010. (Horvath Decl. Ex. D.)

5. Excerpts from HP's Form 10-Q, filed with the SEC on or about March 11, 2005. (Horvath Decl. Ex. E.)

6. A copy of a Yahoo!Finance webpage showing HP's stock price for March 28, 2005, available at http://finance.yahoo.com/q/hp?s=HPQ&a=02&b=28&c=2005&d=02&e=28&f=2005&g=d. (Horvath Decl. Ex. F.)

7. Excerpts from HP's Form 10-Q, filed with the SEC on or about June 8, 2010. (Horvath Decl. Ex. G.)

8. A copy of a Yahoo!Finance webpage showing HP's stock price for August 5, 2010, available at http://finance.yahoo.com/q/hp?s=HPQ&a=07&b=5&c=2010&d=07&e=5&f=2010&g=d. (Horvath Decl. Ex. H.)

9. The fact that HP's market capitalization was approximately $57,303,012,690.29 on March 28, 2005 and was approximately $108,203,898,128.40 on August 5, 2010. (Horvath Decl. ¶¶10 & 11.)

The abovementioned documents are submitted in support of the Director Defendants' Motion to Dismiss Plaintiff's Verified Shareholder Derivative Complaint.

DATED: August 15, 2011

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ James E. Lyons
JAMES E. LYONS
Attorneys for Defendants
MARC L. ANDREESSEN, LAWRENCE T. BABBIO,
SARI M. BALDAUF, RAJIV L. GUPTA,
JOHN H. HAMMERGREN, JOEL Z. HYATT,
JOHN R. JOYCE, ROBERT L. RYAN, LUCILLE S.
SALHANY and G. KENNEDY THOMPSON

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Marc L. Andreessen, Lawrence T. Babbio, Sari M. Baldauf, Rajiv L. Gupta, John H. Hammergren, Joel Z. Hyatt, John R. Joyce, Robert L. Ryan, Lucille S. Salhany and G. Kennedy Thompson (the "Director Defendants") hereby request that this Court take judicial notice of Exhibits A through H attached to the Declaration of Richard S. Horvath, Jr., as well as the facts contained in paragraphs 10 and 11 of that declaration.

A fact is subject to judicial notice if it is "one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "[F]acts subject to judicial notice may be considered on a motion to dismiss." Mullis v. U.S. Bankr. Ct., 828 F.2d 1385, 1388 (9th Cir. 1987). Here, each document attached to, or the information contained in, the Declaration of Richard S. Horvath is the proper subject of judicial notice.

### HP's SEC Filings Are Proper Subjects of Judicial Notice

The Court may take judicial notice of Hewlett-Packard Company's ("HP") SEC filings (Horvath Decl. Exs. A, C, D, E and G), which concern HP's historic financial and employment data, the status of the Director Defendants as outside directors of HP and the quantity of HP's outstanding stock. It is well settled that "'a district court may take judicial notice of the contents of relevant public disclosure documents required to be filed with the SEC as facts capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" In re Silicon Graphics, Inc. Sec. Litig., 970 F. Supp. 746, 758 (N.D. Cal. 1997) (citation omitted). Courts within the Ninth Circuit have held that SEC filings are proper subjects of judicial notice. See, e.g., In re Finisar Corp. Deriv. Litig., 542 F. Supp. 2d 980, 990 n.4 (N.D. Cal. 2008) ("[P]ublic filings with the SEC are properly the subject of judicial notice in a motion to dismiss."); In re CNET Networks, Inc. S'holder Deriv. Litig., 483 F. Supp. 2d 947, 953 (N.D. Cal. 2007) ("'A court may take judicial notice of public filings when adjudicating a motion to dismiss a complaint for failure to state a claim upon which relief can be granted.'") (quoting In re Calpine Sec. Litig., 288 F. Supp. 2d 1054, 1076 (N.D. Cal. 2003)).

1

### HP's Certificate of Incorporation Is a Proper Subject of Judicial Notice

The Court also may take judicial notice of Exhibit B, HP's Certificate of Incorporation, which was publicly filed with the Delaware Secretary of State on or about February 11, 1998. Courts in the Ninth Circuit take judicial notice of certificates of incorporation to determine whether those certificates exculpate directors from liability. See, e.g., Brown v. Moll, No. C 09-05881, 2010 WL 2898324, at *1 n.1 (N.D. Cal. July 21, 2010) (taking judicial notice of the company's certificate of incorporation); McMichael v. U.S. Filter Corp., No. ED CA 99-182VAP, 2001 WL 418981, at *8 (C.D. Cal. Feb. 23, 2001) (taking judicial notice of U.S. Filter's certificate of incorporation and holding that an exculpation clause in the certificate barred plaintiff's duty of care claim). Such a certificate "is a document that is 'not subject to reasonable dispute' and is 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" Knopf v. Semel, No. C 08-3658 JF (PVT), 2010 WL 965308, at *6 n.3 (N.D. Cal. 2010) (citation omitted) (taking judicial notice of Yahoo!'s certificate of incorporation).

### Historic Stock Prices Are Proper Subjects of Judicial Notice

Finally, this Court may take judicial notice of Yahoo!Finance webpages showing HP's stock prices for March 28, 2005, and August 5, 2010, as well as the approximate market capitalization for HP stock on those dates (Horvath Decl. ¶¶10 & 11 and Exs. F & H). "[S]tock price is public information 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned' and are [sic] the proper subject of judicial notice in a motion to dismiss." In re Finisar, 542 F. Supp. 2d at 990 n.4 (N.D. Cal. 2008) (quoting Fed. R. Evid. 201); see also Metzler Inv. GMBH v. Corinthian Colls., Inc., 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (noting that "stock price history" was the proper subject of judicial notice). Similarly, data reflecting a corporation's market capitalization is a proper subject of judicial notice. See Puskala v. Koss Corp., -- F. Supp. 2d --, 2011 WL 3204683, at *11 (E.D. Wis. July 28, 2011) (taking judicial notice of data reflecting a company's market capitalization); see also William Boyes & Michael Melvin, Microeconomics 346 (South-Western College Pub. 8th ed. 2011) (market capitalization is "stock price multiplied by the number of shares of stock that are outstanding").

Upon proper notice, the court "shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). Here, the Director Defendants have requested judicial notice and furnished the Court with the necessary information.

For the foregoing reasons, the Director Defendants respectfully request that the Court take judicial notice of the documents attached to, and information included in, the Declaration of Richard S. Horvath, Jr. filed with this Request for Judicial Notice, and submitted in support of the Director Defendants' Motion to Dismiss Plaintiffs' Verified Shareholder Derivative Complaint.

DATED: August 15, 2011

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____/s/ James E. Lyons_____
JAMES E. LYONS
Attorneys for Defendants
MARC L. ANDREESSEN, LAWRENCE T. BABBIO, SARI M. BALDAUF, RAJIV L. GUPTA, JOHN H. HAMMERGREN, JOEL Z. HYATT, JOHN R. JOYCE, ROBERT L. RYAN, LUCILLE S. SALHANY and G. KENNEDY THOMPSON

## DECLARATION OF RICHARD S. HORVATH, JR.

I, Richard S. Horvath, Jr., declare as follows:

1. I am an associate with Skadden, Arps, Slate, Meagher & Flom, LLP, counsel for defendants Marc L. Andreessen, Lawrence T. Babbio, Sari M. Baldauf, Rajiv L. Gupta, John H. Hammergren, Joel Z. Hyatt, John R. Joyce, Robert L. Ryan, Lucille S. Salhany And G. Kennedy Thompson (the "Director Defendants"). I make this declaration in support of the Director Defendants' Request for Judicial Notice. I make this declaration based on my own personal knowledge and, if called upon to do so, could and would testify competently.

2. I supervised the firm's staff in obtaining a true and correct copy of excerpts from Hewlett-Packard Company's ("HP") Definitive Proxy Statement on Schedule 14A filed with the United States Securities and Exchange Commissions ("SEC") on or about February 1, 2011. A true and correct copy of these excerpts from the Proxy Statement is attached hereto as Exhibit A.

3. I supervised the firm's staff in obtaining a true and correct copy of HP's Certificate of Incorporation, filed with the Delaware Secretary of State on or about February 11, 1998. A true and correct copy of the Certificate of Incorporation is attached hereto as Exhibit B.

4. I supervised the firm's staff in obtaining a true and correct copy of excerpts from HP's Form 10-K for the fiscal year ended October 31, 2005, which was filed with the SEC on or about December 21, 2005 (the "2005 Form 10-K"). A true and correct copy of these excerpts from the 2005 Form 10-K is attached hereto as Exhibit C.

5. I supervised the firm's staff in obtaining a true and correct copy of excerpts from HP's Form 10-K for the fiscal year ended October 31, 2010, which was filed with the SEC on or about December 15, 2010 (the "2010 Form 10-K"). A true and correct copy of these excerpts from the 2010 Form 10-K is attached hereto as Exhibit D.

6. I supervised the firm's staff in obtaining a true and correct copy of excerpts from HP's Form 10-Q, which was filed with the SEC on or about March 11, 2005 (the "March 2005 Form 10-Q"). A true and correct copy of these excerpts from the March 2005 Form 10-Q is attached hereto as Exhibit E.

**DIRECTOR DEFENDANTS' RJN ISO MOTION TO DISMISS**      **CASE NO. 5:10-CV-04720-EJD**

7. I supervised the firm's staff in obtaining a true and correct copy of a Yahoo!Finance webpage showing HP's stock price for March 28, 2005, available at http://finance.yahoo.com/q/hp?s=HPQ&a=02&b=28&c=2005&d=02&e=28&f=2005&g=d. A true and correct copy of the webpage is attached hereto as Exhibit F.

8. I supervised the firm's staff in obtaining a true and correct copy of excerpts from HP's Form 10-Q, which was filed with the SEC on or about June 8, 2010 (the "June 2010 Form 10-Q"). A true and correct copy of these excerpts from the June 2010 Form 10-Q is attached hereto as Exhibit G.

9. I supervised the firm's staff in obtaining a true and correct copy of a Yahoo!Finance webpage showing HP's stock price for August 5, 2010, available at http://finance.yahoo.com/q/hp?s=HPQ&a=07&b=5&c=2010&d=07&e=5&f=2010&g=d. A true and correct copy of the webpage is attached hereto as Exhibit H.

10. HP's market capitalization on March 28, 2005 can be estimated by multiplying the price of HP stock on that date (Exhibit F) by the number of outstanding HP shares reported in HP's Form 10-Q filed with the SEC on March 11, 2005 (Exhibit E). On March 28, 2005, HP had approximately 2,895,553,951 outstanding shares valued at $19.79 per share, resulting in a market capitalization of approximately $57,303,012,690.29.

11. HP's market capitalization on August 5, 2010 can be estimated by multiplying the price of HP stock on that date (Exhibit H) by the number of outstanding HP shares reported in HP's Form 10-Q filed with the SEC on June 8, 2010 (Exhibit G). On August 5, 2010, HP had approximately 2,334,496,184 outstanding shares valued at $46.35 per share, leading to a market capitalization of approximately $108,203,898,128.40.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this day August 15, 2011, in Palo Alto, California.

*Richard S. Horvath, Jr.*